# UNITED STATES COURT OF APPEALS
## Tenth Circuit
## Byron White United States Courthouse
## 1823 Stout Street
## Denver, Colorado 80294
## (303) 844-3157

**Patrick J.  Fisher, Jr.**                                                                                      **Elisabeth A. Shumaker**
**Clerk**                                                                                                       **Chief Deputy Clerk**

September 23, 1999


**TO:**   ALL RECIPIENTS OF THE ORDER AND JUDGMENT

**RE:**   99-5003, *In re: Hatley*
          Filed on September 16, 1999

          The order and judgment contains a clerical error on page one.  The correct case number for the Bankruptcy Appellate Decision is 98-047.  A corrected order and judgment is attached.

                                        Sincerely,
                                        Patrick Fisher, Clerk of Court


                                        By:   Keith Nelson
                                              Deputy Clerk




encl.

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 16 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re: JERRY F. HATLEY,

Debtor.

DONALD SMOLEN,

Appellant,

v.

JERRY F. HATLEY,

Appellee.

No. 99-5003
(BAP No. 98-047)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **BARRETT** , and **McKAY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Donald Smolen, a creditor in Jerry F. Hatley's Chapter 7 bankruptcy proceeding, appeals from the Tenth Circuit Bankruptcy Appellate Panel's order, see Smolen v. Hatley (In re Hatley), 227 B.R. 757 (B.A.P. 10th Cir. 1998), affirming the decision of the bankruptcy court that his claim was not exempt from discharge. We affirm.

Smolen and Hatley entered into an agreement[1] in 1994 to purchase used planes in order to refurbish and resell them. Smolen and various third party lenders provided the funds. Hatley was to locate planes and supervise their repair and resale. Hatley located two planes which were purchased, refurbished, and resold. The two agreed that proceeds from the sales of the planes would be used to pay expenses and repay the borrowed funds including Smolen's loan. Any profits would be divided equally between them. A total of $125,000.00 was received. Hatley deposited those proceeds into his personal bank account. Hatley repaid the bank loans and paid the vendors in full. However, he spent $44,604.28 of the proceeds on his personal affairs. He delivered a promissory note to Smolen, but made no payments on the note prior to the commencement of his

---

[1] The bankruptcy court found that the two operated their business as a partnership. Smolen does not contest this determination.

bankruptcy proceeding.  The parties stipulated that Smolen knew all deposits were made to Hatley's personal account.  Smolen commenced this proceeding seeking an order that his debt was nondischargable under 11 U.S.C. § 523(a)(4).

The parties have stipulated to the relevant facts as set forth above.  We review the BAP's conclusions of law de novo.  See Andersen v. UNIPAC-NEBHELP (In re Andersen), 179 F.3d 1253, 1255 (10th Cir. 1999).

Smolen argues that his claim should be exempt from discharge because Oklahoma statutory and common law create a fiduciary duty between partners sufficient to satisfy § 523(a)(4).  Smolen agrees that Holaday v. Seay (In re Seay), 215 B.R. 780 (B.A.P. 10th Cir. 1997) and Fowler Bros. v. Young (In re Young), 91 F.3d 1367 (10th Cir. 1996) hold contrary to his position.  However, he contends that these cases should be overruled as they ignore Oklahoma law. "We cannot overrule the judgment of another panel of this court . . . absent en banc reconsideration or a superseding contrary decision by the Supreme Court." In re Smith, 10 F.3d 723, 724 (10th Cir. 1993).  Smolen has presented no acceptable reason for us to reconsider our prior decision.

Section 523(a)(4) denies a § 727 discharge from a debt for fraud or defalcation while acting in a fiduciary capacity.  Thus, a creditor must establish, under federal law, that a fiduciary relationship existed between him and the debtor.  See Young, 91 F.3d at 1371.  To find a fiduciary relationship under

§ 523(a)(4), the contested debt must have been entrusted to the debtor as either an express or technical trust. See id. at 1371-72. "Neither a general fiduciary duty of confidence, trust, loyalty, and good faith, nor an inequality between the parties' knowledge or bargaining power, is sufficient to establish a fiduciary relationship for purposes of dischargeability." Id. at 1372 (citations omitted). "Further, the fiduciary relationship must be shown to exist prior to the creation of the debt in controversy." Id. (quotation omitted).

Smolen has failed to meet his burden. The judgment of the Tenth Circuit Bankruptcy Appellate Panel is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge